**Calvin THOMAS, Appellant,**

v.

**Walter E. CRAVEN, Warden, Appellee.**

No. 23836.

United States Court of Appeals,
Ninth Circuit.

July 21, 1970.

John S. McCann (argued), San Francisco, Cal., for appellant; Calvin Thomas, in pro. per.

Charles P. Just (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Jon A. Shoenberger, Deputy Atty. Gen., Sacramento, Cal., for appellee.

Before JERTBERG, DUNIWAY and TRASK, Circuit Judges.

JERTBERG, Circuit Judge.

Appellant appeals from an order of the district court denying a petition for writ of habeas corpus filed by appellant, a California state prisoner.

Following trial to a jury, which commenced on April 26, 1965, appellant, represented by court-appointed counsel on trial and on appeal, was convicted on both counts of a two count information. One count charged appellant with the crime of murder in violation of Section 187 of the California Penal Code, and in Count II with the crime of arson in violation of Section 447a of the California Penal Code. The same jury returned a verdict fixing the penalty of death on the murder count, and such sentence was imposed.

On the 29th day of June, 1967, the Governor of the State of California issued a commutation of sentence reducing the penalty imposed on appellant to life imprisonment without possibility of parole.

The trial court denied a motion for new trial. On automatic appeal to the Supreme Court of California, appellant's conviction was affirmed. People v. Thomas, 65 Cal.2d 698, 56 Cal.Rptr. 305, 423 P.2d 233 (1967). Petition for rehearing was denied.

Appellant's petition for a writ of certiorari to the United States Supreme Court was denied. 393 U.S. 874, 89 S. Ct. 168, 21 L.Ed.2d 144. Appellant's petition for leave to file for writ of mandamus and/or prohibition in the United States Supreme Court was denied. 387 U.S. 901, 87 S.Ct. 1700, 18 L. Ed.2d 640.

Prior to the filing of the petition for writ of habeas corpus in the federal court, appellant filed petitions for writs of habeas corpus in the Superior Court of the State of California, in and for the County of Sacramento, in the Third District Court of Appeals of the State of California, and in the Supreme Court of the State of California, all of which petitions were denied.

A comprehensive statement of the facts in this case is set forth in *Thomas, supra,* and will not be repeated here. In capsule form the record discloses that appellant prepared several "Molotov cocktails" and participated in igniting and throwing them through a window into a back room of the house where a child of three years was sleeping, for the purpose of running out of the house the adult occupants with whom appellant had been fighting and quarreling. The child lost his life in the fire.

On this appeal the appellant does not question the sufficiency of the evidence to sustain the jury's verdict.

The contentions of appellant on this appeal, as summarized by us, are as follows:

1. Lack of effective assistance of counsel which deprived him of a fair trial and due process of law.

2. The trial court erred in its failure to instruct the jury on the lesser offenses of second degree murder or manslaughter, or to instruct the jury on the defense of diminished responsibility.

3. Whether the medical report of George N. Thompson, M. D., "constitutes sufficient new evidence to undermine the case of the prosecuting attorney."

4. That the initial arrest of appellant, without a warrant, following a search without a warrant of the premises where appellant was found and arrested, violated the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. That appellant was deprived of a trial by a fair and impartial jury contrary to the principles announced in Witherspoon v. State of Illinois, 391 U. S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776.

6. That California Penal Code sections 190 and 190.1 violate the Fourteenth Amendment to the Constitution of the United States, in that they set no guidelines or standards to determine the penalty to be imposed.

7. That appellant was not properly warned of his rights before making cer-

tain incriminating statements, which statements were improperly admitted into evidence at the trial.

Following oral argument before us, we requested counsel to express their views on points 2, 3, 4 and 5 above, by supplemental briefs directed to the following question:

*Has appellant exhausted his post conviction remedies in the courts of the State of California in respect to the following issues urged on his appeal from the order of the District Court denying his petition for writ of habeas corpus:*

A. That the state trial court erred in its failure to instruct the jury on the lesser offenses of second degree murder and manslaughter, or to instruct the jury on the defense of diminished responsibility;

B. Whether the medical report of George N. Thompson, M.D., "constitutes sufficient new evidence to undermine the case of the prosecuting attorney;"

C. Whether the initial arrest of appellant, without a warrant, following a search without a warrant of the premises where appellant was found and arrested, violated the Fourth and Fourteenth Amendments of the Constitution of the United States; and

D. Whether appellant's contention that he was deprived of a trial by a fair and impartial jury, contrary to the principles announced in Witherspoon v. State of Illinois, 391 U.S. 510, [88 S.Ct. 1770] was mooted by the commutation of his sentence from death, to life imprisonment *without possibility of parole.*

The State of California, by statute, makes habeas corpus relief available to state prisoners. See Penal Code of the State of California, Sections, 1473 et seq.

By supplemental briefs, counsel for both parties agree that appellant failed to seek relief in any of the courts of the State of California in respect to A, B, and C, above. Appellee states that appellant likewise did not seek relief in re-

spect to D above. Appellant's brief is silent as to D above. From our examination of the various petitions for writs of habeas corpus filed by appellant, we are satisfied that appellee's statement is correct.

Appellant sought habeas corpus relief in the courts of California in respect to contentions 1, 6 and 7 above. Such contentions were rejected by the Supreme Court of the State of California, and by the United States District Court.

■ We find no merit in appellant's contention that he was deprived of a fair trial and due process of law because of the lack of effective assistance of counsel. We are in agreement with the views stated by the Supreme Court of California in its review of such contention. See People v. Thomas, *supra,* 65 Cal.2d pp. 707–708, 56 Cal.Rptr. 305, 423 P.2d 233.

■ Appellant complains in contention No. 6 above that California Penal Code sections 190 and 190.1 are unconstitutional. The Supreme Court of California has rejected such contention. See In Re Anderson, 69 Cal.2d 613, 73 Cal. Rptr. 21, 447 P.2d 117 (1968). Unless and until the Supreme Court of the United States holds to the contrary, we will respect the holding of the Supreme Court of the State of California. See Maxwell v. Bishop, 398 U.S. 262, 90 S. Ct. 1578, 26 L.Ed.2d 221 (1970).

■ There is no merit in appellant's contention No. 7 that he was not properly warned of his rights before making certain incriminating statements. Appellant's trial commenced April 26, 1965, after the United States Supreme Court decision in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), but before Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Under Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), the warning requirements of *Miranda* are not applicable to this case. The record discloses that the warning requirements of *Escobedo* were complied with. Further-

more, as stated by the Supreme Court of California in People v. Thomas, *supra,* at 65 Cal.2d p. 704, 56 Cal.Rptr. p. 309, 423 P.2d p. 237, the contents of the statements "were virtually identical with the testimony given by defendant on the witness stand."

The order of the district court is affirmed.